UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REGINAL F. WIGHT and JOHN D. OLSON, d/b/a REGINAL F. WIGHT & ASSOCIATES,<br><br>Plaintiff(s),<br><br>v.<br><br>US WEST COMMUNICATIONS, INC., a Colorado corporation; QWEST CORPORATION, a Colorado corporation; US WEST DEX, INC., a Colorado corporation; QWEST DEX, INC., a Colorado corporation;  QWEST DEX HOLDINGS, INC.,  a Delaware corporation,<br><br>Defendant(s). | No. CV04-2199P<br><br>ORDER ON DEFENDANTS' MOTION TO DISMISS |

This matter comes before the Court on Defendants US West Communications, Inc. and Qwest Communications Corporation ("Qwest")' Motion to Dismiss Plaintiff's Complaint, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff brought this suit in state court alleging Breach of Contract and Quantum Meruit. Defendants removed the suit to Federal Court, citing diversity jurisdiction. Defendants assert that Plaintiff has alleged no set of facts showing that Defendants breached their agreements with Plaintiff, and that meet the prerequisites of quantum meruit. Plaintiff included a Motion to Amend its Complaint in its Response, requesting leave to file an amended complaint if the Court finds the original Complaint deficient (Pl.'s Response Brief at 14). The Court DENIES Defendants' motion regarding Plaintiff's Breach of Contract Claims and GRANTS Defendants' motion regarding Plaintiff's Quantum Meruit claim with LEAVE TO AMEND.

ORDER ON DEFENDANTS' MOTION TO DISMISS - 1

## BACKGROUND

Plaintiff RWA, entered into three separate contracts with Defendants referred to as the Washington Agreement, the Service Agreement, and the Dex Agreement. The parties do not dispute that Washington law applies to all agreements. Under the Washington Agreement, Plaintiff was to review Defendants' Washington State tax payments, recommend tax strategies, and upon Defendants' authorization, "obtain" refunds. The contract allowed for compensation up to three years after the implementation of tax strategies and/or future tax savings. Next, the parties executed the Service Agreement, which obligated Plaintiff to perform the same services described in the Washington Agreement, but to expand its review to all states where Defendants operated. The Service Agreement contains a thirty-day termination provision and language that prevents the termination provision from applying to the Washington Agreement.

Almost two years later the Dex Agreement was executed, which obligated Plaintiff to perform the same services described in the other agreements, in all states in which Dex operated. The agreement contains language that fees are due thirty days after Client's receipt of any refund. Around October 12, 2001, Defendants terminated the three tax agreements without allowing Plaintiff to complete its work then in progress. Plaintiff made additional allegations in its Response that it did not make in its Complaint. The Court will not consider allegations not contained in the Complaint.[1]

## ANALYSIS

Fed. R. Civ. P. 12(b)(6) authorizes this Court to accept as true all of the material factual allegations of the Complaint, and the Court must construe all reasonable inferences in the light most favorable to the non moving party. Enesco Corp. v. Price/Costco, Inc., 146 F.3d 1083, 1085 (9th Cir. 1998). The Court will not dismiss the Complaint unless Defendants show that Plaintiff can "demonstrate no set of facts in support of his claim which would entitle him to relief." Parks School of Business v. Symington, 51 F. 3d 1480, 1484 (9th Cir. 1995).

---

[1] This Court is unable to consider Plaintiff's additional allegations in deciding Defendants' motion to Dismiss. Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993) (citing Farr v. United States, 990 F.2d 451, 454 (9th Cir. 1993)).

ORDER ON DEFENDANTS' MOTION TO DISMISS - 2

**I.    Breach of the Tax Agreements.**

A. Breach of the Service Agreement.

Defendants argue that their termination rights are not based on whether there was time for Plaintiff to "obtain" a tax refund. "Courts faced with questions of contract interpretation must discern the intent of the contracting parties." Hearst Communications v. Seattle Times Co., 120 Wn. App. 784, 791, 86 P.3d 1194 (2004). The Service Agreement contains the parties' intentions regarding termination expressed in written terms. Provision No. 8 of the Service Agreement states that "[t]his agreement may be terminated by either party upon 30-days notice in writing" (Compl. at Ex. B).

    1. Plaintiff Adequately Alleges a Breach Based on Defendants' Manner of Termination.

Although the Service Agreement's 30-day notice provision is not on its face ambiguous, it fails to discern whether the parties intended the provision to require not only 30-days written notice, but actually thirty days to conclude all services. Even when contract terms are not themselves ambiguous a court may consider extrinsic evidence in order to discern the intent of the parties such as the reasonableness" of each party's interpretations. 120 Wn. App. at 791. Defendants admit that the thirty day "termination period offered protection to RWA by providing RWA additional time to obtain refunds" (Defs.' Mot. at 5). This provision provides no protection if Plaintiff is not permitted to complete its work. Because it is unclear what effect the parties intended the 30-day notice provision to have, the Court will not dismiss Plaintiff's Complaint regarding termination of the Service Agreement at this time.

    2. Plaintiff's Compensation Rights Under the Agreement.

Plaintiff has also pled a breach of the Service Agreement regarding its right to compensation. Defendants argue that Plaintiff's right to compensation under the agreements was terminated once the agreements terminated. Thayer v. Damiano, 9 Wn. App. 207, 210, 511 P.2d 84 (1973). Based on the

ORDER ON DEFENDANTS' MOTION TO DISMISS - 3

ambiguity noted above, it is hard to tell when the term effectively occurred. For this reason, Plaintiff's claim survives Defendants' 12(b)(6) Motion to Dismiss.

B. Breach of the Washington and Dex Agreements.

Plaintiff adequately alleged a breach of the Washington and the Dex Agreements regarding its right to compensation. Defendants maintain that Plaintiff's right to compensation under the Washington Agreement ended upon the termination of the contract. Thayer, 9 Wn. App. at 210. However, there are provisions in both agreements that allow Plaintiff compensation up to three years after Defendants receive future tax savings from refunds and/or implement any tax savings strategy (Compl. at Exs. A & C). Making all inferences in favor of the Plaintiff, the Court may infer that regardless of termination of the contracts, Defendants owed Plaintiff fees for up to thirty-six months after termination. Because Plaintiff claims that it did not receive these fees, the Court will not dismiss Plaintiff's claim at this time.

C. Is Plaintiff's Right to Compensation Under the Contracts Dependant on Conditions Precedent?

Defendants argue that if Plaintiff alleges a breach, Plaintiff's claim should still be dismissed because Plaintiff alleged no facts showing that it met the conditions precedent to compensation by "obtaining" the post-termination refunds by filing the papers and paying the costs associated with litigating the refunds. To decide whether a term in an contract is a condition precedent, a court must discern the parties' intent, which is "to be ascertained from a fair and reasonable construction of the language used in the light of all the surrounding circumstances." Jones Assoc., Inc. v. Eastside Properties, Inc., 41 Wn. App. 462, 466, 704 P. 2d 681(1985). Provision No. 2 of all of the contracts at issue in this case establishes Plaintiff's obligation to bear all the costs associated with pursuing tax refunds and savings for Defendant. (Compl. at Exs. A-C). Provision No. 4 of all of the contracts entitle RWA to payment by Qwest, "[i]f RWA obtains. . ." the tax benefits and savings that the parties contracted for. Viewing all facts and inferences favorable to Plaintiff, there is some ambiguity as to whether "obtain[ing]" under Provision No. 4 of the contracts encompasses Provision No. 2's requirement that Plaintiff pay all fees associated with filing for the refunds and, therefore, whether

ORDER ON DEFENDANTS' MOTION TO DISMISS - 4

"obtain[ing]" should be treated as part of a condition precedent to Defendants performance, if one exists.

As stated earlier, Plaintiff has properly alleged that it was prevented from fully meeting its obligations to "obtain" refunds due to Defendants' actions. In light of this allegation, whether or not Defendants's actions prevented Plaintiff from fulfilling the alleged "condition precedent" is also an issue. A fact-intensive inquiry of this nature is a matter more properly addressed on summary judgment. It is enough for 12(b)(6) purposes for Plaintiff to have alleged that it performed work under the contract and was subsequently injured by Defendants because they failed to compensate Plaintiff.

**II. Quantum Meruit Claim.**

Where a contract exists, Plaintiff may recover on a quantum meruit theory when substantial changes occur that the contract does not cover and the parties do not contemplate, and the effect of such changes is to require extra work or to cause substantial loss to Plaintiff. Hensel Phelps Constr. Co. v. King County, 57 Wn. App. 170, 174, 787 P.2d 58 (1990). The Complaint alleges no substantial changes that the agreements do not cover and that the parties did not contemplate. This Court hereby GRANTS Defendants' Motion to Dismiss Plaintiff's quantum meruit claim. The Court may not consider allegations not contained in the Complaint. If there are additional allegations that Plaintiff would like to put before the Court, the Court grants it leave to do so in an Amended Complaint.

**III.    Leave to Amend.**

Plaintiff is allowed at this time to amend any and all defects in its Complaint pursuant to Fed. R. Civ. P.15(a). This rule allows a party to amend his or her pleading once as a matter of course before a responsive pleading is served. Under Fed. R. Civ. P 7(a), a motion to dismiss is not deemed a responsive pleading. Breier v. Northern California Bowling Proprietors' Ass.'n., 316 F.2d 787, 789 (9th Cir. 1963)). There is no specific procedure for a party seeking an amendment and a variety of

1  methods have been recognized as sufficient. Tefft v. Seward, 689 F.2d 637, 639 (6th Cir. 1982).
2  Plaintiff's Motion to Amend is sufficient, and the Court GRANTS Plaintiff leave to amend within
3  fifteen days of this Order, where applicable.

4      Consistent with the analysis above, the Court DENIES Defendants' Motion regarding
5  Plaintiff's Breach of Contract Claims and GRANTS Defendants' Motion regarding Plaintiff's
6  Quantum Meruit claim with LEAVE TO AMEND.

7      The Clerk is directed to send copies of this order to all counsel of record.

8      Dated: May 12, 2005.

                                             /s/ Marsha J. Pechman
                                             Marsha J. Pechman
                                             United States District Judge

ORDER ON DEFENDANTS' MOTION TO DISMISS - 6